[Civ. No. 10858.  First Appellate District, Division Two.—November 10, 1938.]

JENNIE PERRY et al., Petitioners, v. THE SUPERIOR COURT OF MARIN COUNTY et al., Respondents.

Joseph A. Brown, A. E. Cross and Natalie J. Holly for Petitioners.

Martinelli & Gardiner and Charles Reagh for Respondents.

NOURSE, P. J.—On April 5, 1937, an action was filed by the public administrator of Marin County as administrator of the estate of William Helbing, deceased, to set aside the transfers of several parcels of real property and to quiet title thereto in the estate. Later a second cause of action was added attacking a trust in other property. Petitioners herein were named as defendants and in due course moved to dismiss. Their objection to the amended complaint, upon the ground that the issues raised therein were determined in another proceeding and were moot, was denied as was their motion to dismiss. They have sought a writ of prohibition to restrain further proceedings, or, as an alternative, a writ of mandate to have them dismissed upon the grounds that the entire litigation is brought for no legitimate purpose, but is prosecuted solely for the purpose of enabling the public administrator and his counsel to enrich themselves with fees in the probate court.

The gravamen of the first cause of action is found in paragraph three of the complaint, which reads: "Each and every one of the matters and things hereinafter averred grows and

arises out of the same series of transactions, to wit: all the several tracts of land affected hereby were in truth and in fact the property of said decedent in his lifetime and the title to each was placed in the name of one of the defendants herein for the convenience of the decedent, and not as plaintiff is informed and on such information believes, for the purpose of hindering, delaying or defrauding anyone, nor by way of gift, nor otherwise than as a legitimate, though secret, trust; and at various times during the lifetime of decedent he caused the lands so hereinafter described to be conveyed to the several defendants as trustees, himself paying the consideration whereby such lands were secured.'' The second cause of action, which was added by amendment, is based on the allegation that the property there described was conveyed to certain defendants in trust for the others, but that the purported trust is void upon its face.

It is alleged in the petition herein, and admitted by respondents, that Jennie Helbing, the widow of deceased, is the only person beneficially interested in the estate, and that she has ratified all the transfers made by decedent and attacked herein, and has consented that the beneficiaries under the trusts attacked take the properties as therein designated. The widow is the only beneficiary under the will, and she and all the other defendants are the only beneficiaries under the trusts. Aside from her community interest in all the property, the widow was the sole legatee under the will. She has approved the trusts and waived all claims in the community and as legatee in favor of the beneficiaries under the trusts. The primary result of the litigation, therefore, if successful, would be to take from the beneficiaries of these trusts the property which is held for them, and give the same to the widow against her will and express consent. To accomplish this purpose the administrator has sued the widow and her children against their will and consent, but, nevertheless, on the pretense that the suit is for their benefit.

■ At the outset we are confronted with these settled principles—the administration of the estate of deceased persons is purely statutory, and the procedure outlined in the statutes is controlling. When the powers and duties of the administrator are fixed by statute there is no inherent right to assume or exercise any power not conferred, or to depart from the procedure outlined.

Turning to the Probate Code we find that section 579 provides: "If the decedent, in his lifetime, conveyed any real or personal property, or any right or interest therein, with intent to defraud his creditors, or to avoid any obligation due another, or made a conveyance that by law is void as against creditors, or made a gift of property in view of death, and there is a deficiency of assets in the hands of the executor or administrator, the latter, on application of any creditor, must commence and prosecute to final judgment an action for the recovery of the same for the benefit of the creditors." The administrator has not brought his suit under this section because there are no allegations of a fraudulent or void conveyance, a gift in view of death, a deficiency of assets, or the existence of any creditors.

Section 573 of the Probate Code provides: "Actions for the recovery of any property, real or personal, or for the possession thereof, or to quiet title thereto, or to determine any adverse claim thereon, and all actions founded upon contracts, may be maintained by and against executors and administrators in all cases in which the same might have been maintained by or against their respective testators or intestates." The suit is not brought under this section because there is no title to quiet other than the title which vested in the heirs of the testator, and the widow, being the sole legatee, does not desire the litigation and has waived all the rights which the administrator tries to establish, while all the heirs (if the will be disregarded) have likewise waived claim as such and claim solely as beneficiaries under the transfers and the trusts attacked. There are, therefore, no "adverse" claims to either title or possession which the administrator could make the basis of a suit under this section. Furthermore, the section authorizes the administrator to sue "in all cases in which the same might have been maintained" by the decedent. Manifestly, the decedent could not have sued to quiet title to these properties on the bare allegation that they were conveyed by him "as a legitimate, though secret trust", or that the trust was "void". Since the allegations of the complaint negative any claim of fraud, deceit, or mistake, no cause of action has been, or can be, stated under this section.

In resisting the application for a writ herein, the administrator has for the first time raised the point that

several claims have been filed with him. Aside from the fact that all these claims were filed after the action was commenced, and that they appear to have been invited, it now appears upon the hearing herein that all these "claims" have either been paid in full or that they are amply secured. Payments were not made by the administrator, however, and though he readily approved them when filed, obviously for his own purpose in this litigation, he did not procure any releases when they were satisfied in full. His position in this matter is not aided by his insistence that we should presume that, as a public officer, he had duly performed his duty. He expressly alleged in his complaint facts which show that his action was not brought under section 579 of the Probate Code. He did not require security for the costs and expenses of suit as he must do under section 580 when the suit is brought in behalf of creditors. No claims were filed with him before he commenced his action. All "claims" which have been approved by him and paid have been paid by others, and we must presume that the money so paid was due, and, that, in the ordinary course of business, those who paid it owed the obligation. However, in view of the verified pleadings and of the stipulations of the parties in this proceeding, we are forced to the conclusion that the matter of claims has no factual background other than that the creditors were aided indirectly in making their collections from the real obligors.

Particular complaint is made by petitioners herein in reference to the two claims outstanding. As to that for income taxes, the question rests upon the character of the trust here under attack in the second cause of action. If this is an irrevocable trust, as petitioners claim, then the federal government can assert no charge for an income tax on the decedent. If it is a revocable trust, the charge, if valid, follows the property and is a lien upon it. But it is alleged in the petition and admitted by respondents that the federal government has taken the position that the trust is irrevocable and has charged the beneficiaries accordingly. How it could now take the position that the trust is revocable and prosecute a claim against the estate on that basis does not appear. The petitioners cannot get the administrator to take any action to protect the estate in reference to the government's claim, and now insists that he is passively favoring

that claim to the detriment of the estate and of these petitioners.

This claim of the federal government is for taxes on the income of the deceased for the years 1932 and 1933. It was not filed for nearly a year after the time for filing had expired, but, nevertheless, the administrator did not reject the claim, or otherwise contest it for the protection of the estate. This claim, like the others, seems to have been induced by the litigation, since it was not filed until the petitioners had filed their petition for a writ of prohibition in this court and had made the preliminary showing that no valid claims existed and that the litigation was brought solely to harass them and for the personal profit of the administrator. But, since the parties have stipulated as to the status of these ''claims'' and are agreed that, as to the only two unpaid, the security of the property is amply sufficient, and that such property carries the liens for their payment, it becomes obvious that this litigation will hinder and delay their settlement, and that it can be of no possible benefit to the estate, or to anyone interested therein.

To better understand this situation the following observations are pertinent: For many years the decedent had been engaged in the business of a contractor—mainly in the construction of apartment houses. From 1923 to 1931 he conducted this business as a partnership with his children, who are the defendants in the original action. During this period the decedent transferred title to a great number of parcels of real estate to his children, and what title he reserved in himself he gave to his wife by will. These several pieces of property, all conveyed by separate transfers and surrounded by separate circumstances, are covered in the first cause of action. Therein the claim is made that the true title remained in decedent and that the property should therefore go into the estate. The second cause of action relates to a particular parcel alleged to be of the value of over five hundred thousand dollars. This property was conveyed in trust for the benefit of the defendants in this litigation by deed of February 28, 1928, the decedent and his wife being cotrustors. This was subsequently set aside and then reaffirmed on February 29, 1932. The decedent died in August, 1936, and the administrator commenced this action in April of the following year. The attack upon this trust is based on the allegation

that it is void on its face, contradictory, vague, and uncertain. The answer of the petitioners is that all the parties interested as trustor, beneficiaries, trustees, and successor in interest to the deceased cotrustor, are satisfied with its terms and have reaffirmed it; that the trust is limited in time, clear, certain and valid in all respects. The respondents merely reply that it would take many pages to cover the subject and therefore leave their pleading unexplained and undefended.

Upon this state of the record the petitioners contend that the litigation is frivolous, obnoxious, and prosecuted in bad faith. That it can serve no possible benefit to the estate or to those interested in it is obvious. If any valid claims exist against the estate, the administrator had failed to allege it. If the assets in his hands are insufficient to meet such claims and legitimate expenses of administration, he has failed to allege that. If it is the purpose of the litigation to secure additional funds solely to meet the expenses of administration, and this is the only ground which can be urged now in view of the pleadings, the answer is that section 581 of the Probate Code does not countenance the building up of litigation against an estate for the sole purpose of providing a basis for charges of administration.

As for the need for some extraordinary relief, the petition alleges and respondents admit that the litigation includes parcels of land situated in four separate counties, the transfers of which have been made over a period of thirty years, and that the trial would involve enormous expense in time, labor, and money. It is also admitted that this litigation has hindered and delayed petitioners in all transactions relating to the management of the property, that notices of *lis pendens* have been filed in this action against the several parcels, some of which are covered by mortgages or deeds of trust which are threatened to be foreclosed against these petitioners, and that as to one parcel, the delay caused by this action has prevented refinancing and is costing them a loss of over three hundred dollars a month in interest charges. They have shown ample grounds for some remedy, and the only real response that the respondents have made is that they should be assured their fees. The rights to fees are matters, however, which must be settled in the probate court and are not matters for this litigation.

Let a peremptory writ of mandate issue directing a dismissal of the litigation.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 10, 1938, and an application by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 9, 1939.